IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY ALEXANDER, <br> SPN NO. 01717259, <br><br> Plaintiff, <br><br> v. <br><br> KURT WENTZ, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-15-0639 |

### MEMORANDUM OPINION AND ORDER

Harris County Jail inmate Tommy Alexander (SPN No. 01717259) has filed a civil rights complaint seeking damages and a declaratory judgment against his former trial attorney. The court will dismiss the complaint because the claims have no basis in law.

### I. Facts, Allegations, and Claims

Alexander has filed a tersely worded complaint alleging that Kurt Wentz violated his civil rights by denying him due process and subjecting him to cruel and unusual punishment. (Docket Entry No. 1 at 5) Alexander seeks unspecified damages and other judicial relief. Id. Alexander does not elaborate on how Wentz denied him due process or subjected him to cruel and unusual punishment. He also does not state Wentz's office or Wentz's relation to him.

Harris County District Court records reflect that Alexander has recently been sentenced to two years in custody after pleading guilty to aggravated assault on a public official. State v. Alexander, No. 1430641 (338th Dist. Ct., Harris County, Tex., Feb.

13, 2015). See Harris County District Clerk's Website, www.hcdistrictclerk.com. The records also show that Wentz, a licensed Texas attorney, served as Alexander's defense counsel in that criminal court case. Id.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys, 675 F.3d 849, 854-855 (5th Cir. 2012), citing James v. Tex. Collin Cnty., 535 F.3d 365, 373 (5th Cir. 2008). Alexander cannot assert a civil rights claim against Wentz because his former defense attorney was not a state actor. Uresti v. Reyes, 506 F. App'x 328, 329 (5th Cir. 2013), citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), citing Polk County v. Dodson, 102 S.Ct. 445, 453-54 (1981); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988).

In addition, Alexander challenges a state court conviction. A suit for damages under section 1983 must be dismissed when the plaintiff is attacking the validity of his conviction, and he has not shown that the conviction has been reversed or overturned. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). The available records show that the state court conviction remains intact.

Therefore, this action has no legal basis under <u>Heck</u>. <u>Boyd v. Biggers</u>, 31 F.3d 279, 282 n.2 (5th Cir. 1994).

Alexander has filed this action as a pauper. Under the provisions of 28 U.S.C. § 1915(e), the district courts are authorized to dismiss <u>in forma pauperis</u> complaints if they are frivolous. <u>Harper v. Showers</u>, 174 F.3d 716, 718 (5th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law. <u>Berry v. Brady</u>, 192 F.3d 504, 507 (5th Cir. 1999). This complaint will be dismissed as frivolous.

### III. <u>Pauper's Application</u>

Alexander's Application to Proceed In Forma Pauperis (Docket Entry 2) is **GRANTED**; however, Alexander is obligated to pay the entire filing fee ($ 350.00) pursuant to the Prison Litigation Reform Act. 28 U.S.C. § 1915(b).

The Harris County Inmate Trust Fund is **ORDERED** to withdraw funds from Alexander's inmate trust account (SPN No. 01717259); deduct 20% of each deposit made to the account; and forward the funds to the District Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

### IV. <u>Conclusion</u>

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Harris County Jail Inmate Trust Fund is **ORDERED** deduct 20 percent from each deposit made to the account of Tommy Alexander (SPN No. 01717259) and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

3. The prisoner civil rights complaint (Docket Entry No. 1), filed by Inmate Tommy Alexander (SPN No. 01717259) is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the Harris County Jail Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 19th day of March, 2015.

```
                               _____
                                       SIM LAKE
                               UNITED STATES DISTRICT JUDGE
```